Approved: _____
   Jackie Delligatti
   Assistant United States Attorney

Before:   THE HONORABLE GABRIEL W. GORENSTEIN
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

   - v. -

SILFREDO CASTILLO MARTINEZ,

   Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**23 MAG 1806**

<u>**SEALED COMPLAINT**</u>

Violations of
18 U.S.C. §§ 2251(a), (e),
2252A(a)(2)(B), (b)(1), and 2.

COUNTY OF OFFENSE:
BRONX

SOUTHERN DISTRICT OF NEW YORK, ss.:

   ERIN CALLAHAN, being duly sworn, deposes and says that she is a Special Agent with the United States Secret Service, and charges as follows:

<u>**COUNT ONE**</u>

(Sexual Exploitation of a Child)

   1.   From at least in or about May 2018 through at least in or about July 2018, in the Southern District of New York and elsewhere, SILFREDO CASTILLO MARTINEZ, the defendant, knowingly employed, used, persuaded, induced, enticed, and coerced a minor to engage in sexually explicit conduct, for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and the visual depiction was actually transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, to wit, CASTILLO MARTINEZ induced an 11-year-old minor ("Minor Victim-1") to engage in sexually-explicit conduct at his residence in the Bronx, New York, and used his Nikon D3300 digital camera and Apple iPhone X to record the activity.

   (Title 18, United States Code, Sections 2251(a) and (e), and 2)

## COUNT TWO

(Receipt and Distribution of Child Pornography)

2.  From at least on or about December 10, 2016 through at least on or about April 2, 2022, in the Southern District of New York and elsewhere, SILFREDO CASTILLO MARTINEZ, the defendant, knowingly received and distributed material containing child pornography that had been mailed, and using a means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, CASTILLO MARTINEZ received and distributed files containing sexually explicit images of a minor using electronic devices at his residence in the Bronx, New York, via the internet and by cellphone messaging.

(Title 18, United States Code, Sections 2252A(a)(2)(B), (b)(1), and 2.)

## COUNT THREE

(Possession of Child Pornography)

3.  From at least on or about December 10, 2016 through at least on or about May 3, 2022, in the Southern District of New York and elsewhere, SILFREDO CASTILLO MARTINEZ, the defendant, knowingly possessed and accessed with intent to view, a book, magazine, periodical, film, videotape, computer disk, and other material containing an image of child pornography that had been mailed, shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, CASTLILO MARTINEZ possessed sexually explicit images of minors, including images of prepubescent minors and minors who had not attained 12 years of age, in his residence in the Bronx, New York.

(Title 18, United States Code, Sections 2252A(a)(2)(B), (b)(1), and 2.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

4.  I am a Special Agent with the United States Secret Service and am currently assigned to the Internet Crimes Against Children ("ICAC") Task Force. I have conducted and participated in numerous investigations involving crimes against children, including investigations involving the production, receipt, possession, and distribution of child pornography by electronic means.

5.  I am familiar with the information contained in this Complaint based on my own personal participation in the investigation, my review of relevant documents, and my training and experience investigating the creation and distribution of child pornography. Because this Complaint is being submitted for the limited purpose of establishing probable cause, I have not

included the details of every aspect of this investigation. Where actions, conversations, and statements of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

<u>Definitions</u>

6.  The following terms have the indicated meaning in this Complaint:

   a. The terms "minor," "sexually explicit conduct," and "visual depiction," as used herein, are defined as set forth in Title 18, United States Code, Section 2256.

   b. The term "child pornography," as used herein, is a visual depiction of a minor involved in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(8).

   c. The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device. *See* 18 U.S.C. § 1030(e)(1).

<u>Investigation</u>

7.  Based on my review of relevant reports and records, my conversations with other law enforcement officers, my own personal investigation, and my review of information from the National Center for Missing and Exploited Children ("NCMEC"), I have learned the following, in substance and in part:

   a. On or about April 25, 2022, NCMEC received a report from Google (the "Google Tip") regarding a Google user in apparent violation of Google's terms of acceptable use. Specifically, Google reported that the user of a particular Google account (the "Google Drive Account") had violated the terms of acceptable use by uploading images (the "Images") consistent with child pornography on more than one occasion in April 2022.

   b. Google provided NCMEC with the Images, as well as a summary report (the "Report") containing identifying information about the Google Drive Account.

8.  Based on my review of the Images, I learned that the Images depict child pornography. In total, the Images contain approximately 107 depictions of prepubescent minors, pubescent minors, and infants engaging in various sexually explicit conduct.

9.  Based on my review of the Report, as well as my review of additional subscriber information provided to me by Google, I know the following:

   a. The Google Drive Account is registered to an individual named "Silfredo Castillo."

   b. The email address associated with the Google Drive Account is a certain email address beginning with the phrase "silcast" ("Email Address-1").

    c. The phone number associated with the Google Drive Account is a certain phone number ending in -2895 (the "2895 Number").

    d. The Images were all uploaded from a particular IP address located in the Bronx, New York (the "IP Address").

    e. The billing address associated with the Google Drive Account is a particular address on Decatur Avenue in the Bronx, New York (the "Decatur Avenue Address").

    f. The internet service provider associated with the IP address is Optimum, Inc.

  10. Based on my review of records provided to me by Optimum, Inc., I have learned, among other things, the following:

    a. The physical location associated with the IP address is the Decatur Avenue Address, that is, the same address in the Bronx, New York, that is listed on subscription information for the Google Drive Account.

  11. Based on my review of open-source information, as well as records from the New York State Department of Health, I have learned the following:

    a. An individual named "Silfredo Castillo" was listed as a resident of the Decatur Avenue Address as of April 2022.

    b. In or about July 2011, "Silfredo Castillo" obtained a license (the "Daycare License") to run a childrens' daycare facility (the "Daycare") out of the Decatur Avenue Address.

    c. The Daycare License allows "Silfredo Castillo" to operate the Daycare for children ranging from six weeks to 12 years old.

    d. On or about January 16, 2020, "Silfredo Castillo" renewed the Daycare License.

  12. On or about April 28, 2022, through a search of open-source information, I obtained a phone number for the Daycare (the "Daycare Phone"). I placed a call to the Daycare Phone on the same day. An individual answered the phone and identified himself as "Silfredo Castillo." The individual also confirmed that he operated the Daycare, that the Daycare served children as young as two months old, and that it was located at the Decatur Avenue Address.

  13. On or about April 29, 2022, based on the foregoing information, I and other law enforcement officers obtained a judicially authorized warrant (the "Search Warrant") to search the Decatur Avenue Address and to seize computers, other electronic devices, and other evidence related to the possession and receipt of child pornography.

  14. On or about May 3, 2022, I and other law enforcement officers executed the Search Warrant at the Decatur Avenue Address. Based on my participation in the execution of the Search Warrant, I know, among other things, the following:

4

      a. When I and other law enforcement officers arrived at the Decatur Avenue Address to execute the Search Warrant, SILFREDO CASTILLO MARTINEZ, the defendant, was present.[1]

      b. CASTILLO MARTINEZ was advised of his *Miranda* rights and waived those rights.  CASTILLO MARTINEZ then agreed to speak with law enforcement officers. During the interview, CASTILLO MARTINEZ stated, in substance and in part, the following:

        i. CASTILLO MARTINEZ confirmed that he had resided at the Decatur Avenue Address since 2010, and that he was the only individual who resided at the Decatur Avenue Address at the time the Search Warrant was executed.

        ii. CASTILLO MARTINEZ admitted that, at the time the Search Warrant was executed, he was operating the Daycare out of the Decatur Avenue Address.

        iii. CASTILLO MARTINEZ confirmed that he was the user and subscriber of Email Address-1.

        iv. CASTILLO MARTINEZ confirmed that he was the user and subscriber of the 2895 Number.

        v. CASTILLO MARTINEZ confirmed that he had recently uploaded child pornography to the Google Drive Account, and that he was the only individual with access to the Google Drive Account.  He also confirmed his understanding that his access to the Google Drive Account had been suspended because he had uploaded child pornography.

   15. Based on my personal participation in the execution of the Search Warrant, as well as my review of reports and records prepared after the execution of the Search Warrant, I know that law enforcement officers seized approximately 30 electronic devices from the Decatur Avenue Address.  Upon a preliminary search of the electronic devices recovered from the Decatur Avenue Address, the following seven devices were found to contain child pornography:

      a. A custom Asus desktop with three hard drives ("Device-1");

      b. An RSHTECH external hard drive ("Device-2");

      c. An HGST external 500GB 4TB hard drive ("Device-3");

      d. A Seagate external 500GB hard drive ("Device-4");

      e. A Samsung SM·S908U cellphone ("Device-5");

      f. A Samsung SM-G988U cellphone ("Device-6");

      g. A Samsung S10+ cellphone ("Device-7", and collectively, the "Seven Devices").

---

[1] I am familiar with CASTILLO MARTINEZ's appearance from my review of a photograph he submitted in connection with his application for the Daycare License.

16. I and other law enforcement officers subsequently conducted a full forensic examination of the Seven Devices. Based on my review of relevant law enforcement reports and records, as well as my own personal participation in this investigation, I know that law enforcement officers subsequently discovered approximately 9,800 images depicting child pornography on the Seven Devices, as well as 13,300 "age difficult" images, that is, images that could contain child pornography[2] (collectively, the "Device Images").

17. Based on my review of the Device Images, as well as the metadata associated with the Device Images, I know that the Device Images included, among others:

a. A video titled "200 Cumshots.mp4," which was uploaded to Device-1 on or about December 10, 2016, and depicts adult male penises penetrating minors ranging from infant age to approximately 5 years old. The video also depicts adult males ejaculating on the bodies of minors and performing oral sex on minors.

b. A video titled "VID-20180417-WA0047.mp4," which was uploaded to Device-1 on or about April 18, 2018, and contains a video compilation of female minors, ranging from infant age to approximately 12 years old, being anally and vaginally penetrated by adult male penises.

c. An image titled "100017400507_296139.JPG," which was uploaded to Device-3 on or about March 26, 2021, and depicts a female infant with who appears to be an adult male inserting foreign objects into the infant's anus and vagina.

d. An image titled "100061900522_74909.JPG," which was uploaded to Device-3 on or about March 26, 2021, and depicts a female infant with who appears to be an adult male inserting his penis into the infant's anus, while also sticking his tongue into the infant's vagina.

e. A video titled "VID_20220402_035729_760.mp4," which was uploaded to Device-7 on or about April 2, 2022, and depicts an approximately 9 year-old minor boy inserting an object into his anus and touching his erect penis.

18. Based on my own personal investigation, my conversations with other law enforcement officers involved in this investigation, and my review of relevant reports and records, I know that, during a full forensic analysis of Device-5, law enforcement officers discovered several images and a video containing child pornography that all depicted the same minor, Minor Victim-1 (the "Minor Victim-1 Photographs and Video").

19. Based on my review of the Minor Victim-1 Photographs and Video, as well as the metadata associated with the Minor Victim-1 Photographs and Video, I know that the Minor Victim-1 Photographs and Video contained, among other things, the following:

---

[2] Based on my training and experience, I know that "age difficult" images are typically those in which the subject's face is not visible, or the subject's body approximates the size of a younger adult or teenage body, making it challenging for a forensic reviewer to approximate the age of the subject.

    a. An image file titled "635300379804593050.JPG," which was created on or about May 29, 2018, and depicts Minor Victim-1 with an exposed buttocks.

    b. An image file titled "7616099939699374151.JPG," which was created on or about May 29, 2018, and depicts Minor Victim-1 lifting up his shirt to expose his erect penis.

    c. A video file titled "11828611768055544791.mp4," which was created on or about July 22, 2018, and depicts Minor Victim-1 performing oral sex on an adult male.

  20. Based on my review of the metadata associated with the Minor Victim-1 Photographs and Video, I know that the Minor Victim-1 Photographs were produced using a Nikon D3300 digital camera,[3] and the Video was produced using an Apple iPhone X.[4]

  21. Based on my own personal investigation, my conversations with other law enforcement officers involved in this investigation, and my review of relevant reports and records, I know, among other things, the following:

    a. Upon viewing the Minor Victim-1 Photographs and Video, I and other law enforcement officers believed the Minor Victim-1 Photographs and Video to have been produced at the Decatur Avenue Address. In particular, the Minor Victim-1 Photographs and Video depicted Minor Victim-1 in front of a distinctive lime green wall, which law enforcement officers believed to be the same distinctive lime green wall within the Daycare that they observed during a search of the Decatur Avenue Address.

    b. Upon reviewing the metadata associated with the Minor Victim-1 Photographs and Video, law enforcement officers subsequently confirmed that the Minor Victim-1 Photographs and Video had been taken within the Decatur Avenue Address.

    c. In order to identify Minor Victim-1, law enforcement officers brought a photograph of Minor Victim-1 to the stepmother of SILFREDO CASTILLO MARTINEZ, the defendant. The stepmother identified Minor Victim-1 and provided contact information of the mother of Minor Victim-1.

    d. Shortly thereafter, I and other law enforcement officers met with the mother of Minor Victim-1, who confirmed, after being shown one of the Minor Victim-1 Photographs, that that Minor Victim-1 is her son. Minor Victim-1's mother also confirmed that Minor Victim-1 attended the Daycare at the Decatur Avenue Address at the time the Minor Victim-1 Photographs and Video were taken.

  22. Based on my conversations with other law enforcement officers and my review of relevant law enforcement reports and records, I know that, on or about May 23, 2022, law enforcement officers conducted an interview with Minor Victim-1. During the interview, Minor Victim-1 stated, in sum and substance, the following:

---

[3] Based on my open-source research, I have learned that Nikon cameras are manufactured outside of the United States.
[4] Based on my open-source research, I have learned that Apple iPhones are manufactured outside of the United States.

    a. Minor Victim-1 knows SILFREDO CASTILLO MARTINEZ, the defendant, because he attended the Daycare for several years when he lived in the same building in which the Daycare is located.

    b. Minor Victim-1 recalled the Minor Victim-1 Photographs, and stated that the Minor Victim-1 Photographs were taken by CASTILLO MARTINEZ inside the bedroom of CASTILLO MARTINEZ.

    c. CASTILLO MARTINEZ took sexually explicit photographs and videos of Minor Victim-1 on more than one occasion.

    d. Minor Victim-1 was 11 years old at the time the Minor Victim-1 Photographs and Video were produced.

    e. On several occasions, while in his bedroom, CASTILLO MARTINEZ sexually abused Minor Victim-1.

  WHEREFORE, I respectfully request that a warrant be issued for the arrest of SILFREDO CASTILLO MARTINEZ, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

            /s/ Erin Callahan (sworn telephonically)
            ERIN CALLAHAN
            Special Agent
            United States Secret Service

Sworn to me through the transmission of
this Complaint by reliable electronic
means (telephone), this  6  day of March, 2023.

_____
THE HONORABLE GABRIEL W. GORENSTEIN
United States Magistrate Judge
Southern District of New York